UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD WILLIAMS,

        Plaintiff,

  - against -

Commissioner GRANT, Commissioner
LOOMIS, and Commissioner ELOVICH,

        Defendants.
------------------------------------------------------------X

**TRANFER ORDER**
14-CV-2870 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      On May 2, 2014, *pro se* plaintiff Ronald Williams, incarcerated at Auburn Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983. Williams' complaint appears to challenge defendants' denial of his application for parole. Williams includes an additional submission titled "(Show Cause) for Special Circumstances," which was drafted and signed by Herman Carlee McMillian.[1]

      Pursuant to the venue provision governing civil actions in the district court, this action should be filed in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Here, none of the alleged events occurred within this district, but rather the complaint, liberally construed, appears to challenge parole proceedings that occurred at Auburn Correctional Facility in Cayuga County, New York. Moreover, defendants appear to be employed in Albany County, New York.

      Accordingly, this case is hereby transferred to the United States District Court for the Northern District of New York. 28 U.S.C. § 112(a) (providing that Albany and Cayuga Counties

---

[1] McMillian, a fellow prisoner, is barred under the three-strikes provision in 28 U.S.C. § 1915(g) from bringing actions *in forma pauperis*.

are located in the Northern District); 28 U.S.C. § 1404(a) (district court may transfer case filed in wrong district to any district in which it could have been brought).

The Court offers no opinion on the merits of the complaint. A ruling on Williams' application to proceed *in forma pauperis*, as well as enforcement of the Prison Litigation Reform Act, are reserved for the transferee court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York that requires a seven-day delay is waived. No summons shall issue from this Court.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York, to mail a copy of this Transfer Order to *pro se* plaintiff, and to close the file in this Court.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York  
       May 13, 2014  
                                                      _____  
                                                      ROSLYNN R. MAUSKOPF  
                                                      United States District Judge